STATE OF NORTH CAROLINA, EX REL, UTILITIES COMMISSION, CITY OF DURHAM, MONROE-UNION COUNTY CHAMBER OF COMMERCE, AND ROBERT MORGAN, ATTORNEY GENERAL v. GENERAL TELEPHONE COMPANY OF THE SOUTHEAST

No. 7410UC228

(Filed 1 May 1974)

Telephone and Telegraph Companies § 1; Utilities Commission § 6— fair value of property — inadequacy of service — specific finding as to effect

In a telephone rate case in which the Utilities Commission stated that it had considered the inadequacy of service in determining the fair value of the company's property, the Commission erred in failing to make a specific finding showing the effect it gave the factor of inadequate service in determining fair value.

APPEAL by defendant General Telephone Company of the Southeast from an order of the North Carolina Utilities Commission, issued 22 October 1973. Argued in the Court of Appeals 13 March 1974.

The defendant is a Virginia corporation engaged in providing telephone service in six southeastern states. It provides service in North Carolina to the municipalities of Durham and Monroe. On 5 November 1971, General Telephone filed an application with the North Carolina Utilities Commission seeking an increase in rates and charges. The Attorney General of North Carolina, the City of Durham, and the Monroe-Union County Chamber of Commerce, Inc., have filed applications for leave to intervene; and said applications have been granted. On 22 October 1973, the Commission issued an order denying the application of General for rate increase. The order determined the fair

value rate base for General and held that a fair rate of return would be between 8.02% and 8.24%. It further found that the overall quality of service afforded by General was not adequate and efficient. It concluded that a rate of return of 6.65% was a fair rate of return, considering the inadequacy of the service. One of the three Commissioners hearing this case dissented, finding that the service was reasonable and adequate and that the record did not support the finding of the majority.

*Edward B. Hipp, Maurice W. Horne and John R. Molm for the North Carolina Utilities Commission.*

*Attorney General Morgan, by Assistant Attorneys General Lake, Gruber and Rutledge, for the Using and Consuming Public.*

*Claude V. Jones for the City of Durham.*

*Ward W. Wueste, Jr.; Newsom, Graham, Strayhorn, Hedrick, Murray and Bryson, by A. H. Graham, Jr., and K. Byron McCoy; Power, Jones and Schneider, by John Robert Jones and William R. White, for the General Telephone Company of the Southeast.*

MORRIS, Judge.

In its order the Commission found the fair value of General's property used and useful to be $57,201,810. In making this finding the Commission stated that it had "considered the original cost depreciated and adjusted for excess margins and excess profits, and reasonable replacement cost, General's high station density and rapid increase in plant investment per station during the past five years, the plant inefficiency as indicated by the high plant maintenance expense, *the inadequacy of telephone service provided by the plant,* and the additions to plant since the last rate proceeding." (Emphasis supplied.) The Commission further found:

"12. That assuming adequate service were being provided, a rate of return between 8.02% and 8.24% on the fair value rate base, and a rate of return on General's common book equity in the range of 10.5% to 11.0%, based on test year operations and the present capital structure would represent a fair rate of return on fair value and a reasonable rate of return on the end of test year common equity investment; that the rate of return in the range of 8.02%

to 8.24% on the fair value rate base would provide a rate of return in the range of 9.87% to 10.34% on common equity as adjusted for the increment by which fair value exceeds original cost, which would be a reasonable rate of return on said adjusted common equity, if adequate service were being provided.

13. *That because of General's presently inadequate service, a rate of return of 6.65% on the fair value rate base is just and reasonable;* that said 6.65% rate of return on the fair value rate base will produce a 7.34% rate of return on test period common equity and a rate of return of 6.90% on common equity as adjusted for the fair value increment; . . ." (Emphasis supplied.)

At oral argument counsel for the Commission conceded that General had been twice penalized for its inadequate service but took the position that this was within the power of the Commission.

In *Utilities Comm. v. Telephone Co.,* 281 N.C. 318, 189 S.E. 2d 705 (1972), at page 361, Justice Lake said:

"It is obvious that consistently poor service, attributable to defective or inadequate or poorly designed equipment or construction, justifies a subtraction from both the original cost and the reproduction cost of the existing plant before weighing these factors in ascertaining the present 'fair value' of the properties. *City of Alton v. Illinois Commerce Commission,* 19 Ill. 2d 76, 165 N.E. 2d 513, 518. *The Commission must, however, make a specific finding showing the effect it gave this relevant factor, if it made such deduction on that account. Utilities Commission v. Morgan, Attorney General, supra,* at pp. 268-269. As the Supreme Court of Appeals of Virginia said, in *Alexandria Water Co. v. City Council of Alexandria,* 163 Va. 512, 563, 177 S.E. 454: 'The fact that a plant or a unit thereof is not well adapted to, or is inappropriate for, its present and/or reasonably to be anticipated future use tends materially to reduce its value below its reproduction new cost. One of the forms of inappropriateness is inappropriate engineering layout.' " (Emphasis supplied.)

Here the Commission failed to make a specific finding showing the effect it gave the factor of inadequate service. The Commission failed to do this in *Utilities Comm. v. Morgan, Attorney*

*General,* (generally referred to as the Lee Telephone case) 277 N.C. 255, 177 S.E. 2d 405 (1970), and the Court remanded. In *Lee,* Justice Lake said at page 274:

> "The Commission said in its order that it had considered the substandard quality of the service being rendered by Lee as an element bearing upon the value of its property and upon the rate of return it should be permitted to earn thereon. Nothing in its order indicates the effect given thereto by the Commission. The order does not show wherein, or the extent to which, the determination of the fair value of the properties or of the rates for service are different from what they would have been had the service been excellent and had the properties been in a high state of efficiency and maintenance."

It is true that Chapter 62 of the General Statutes confers upon the Utilities Commission the power and the duty to compel a public utility to render adequate service, and it also confers upon the Commission the duty to fix reasonable rates for the rendering of adequate service. If the inadequate service is attributable to defective or inadequate or poorly designed equipment or construction or obsolete equipment, then, as was said in *Utilities Comm. v. Telephone Co., supra,* certainly the Commission is justified in reducing the present fair value of the utilities' properties. In such a case, this is not a penalty, and a reduction of the rate arrived at by way of penalty for inadequate service is justified. But if the reduction from fair value of the utilities' properties is because of inadequate service by reason of inefficient personnel and human error, then the reduction amounts to a penalty, and a further penalty for inadequate service by reduction of rate is not justified by statute or by decided cases.

Since the Commission failed to find facts with respect to the effect it gave the factor of inadequate service in reducing the fair value of the properties, the case is remanded for further specific findings of fact.

Remanded.

Chief Judge BROCK and Judge CARSON concur.